**IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

UNITED STATES OF AMERICA

v.                                                    CRIMINAL ACTION NO.  3:22-00072

QUASHANE R. VARNER, JR.

**MEMORANDUM OPINION AND ORDER**

Before the Court are Defendant Quashane R. Varner, Jr.'s Motion for Sentence Reduction

Pursuant to 18 U.S.C. 3582(c)(2) and Amendment 821 and Motion for Sentence Reduction

Pursuant to 18 U.S.C. 3582(c)(1)(A) (ECF No. 47, Def.'s Mot.). For the reasons stated below, the

Court **DENIES** both motions.

**A.  Motion for Sentence Reduction Under § 3582(c)(2)**

Under 18 U.S.C. § 3582(c)(2), a court may reduce a defendant's sentence if (1) the

defendant was "sentenced to a term of imprisonment based on a sentencing range that has

subsequently been lowered by the Sentencing Commission" and (2) "such a reduction is consistent

with applicable policy statements issued by the Sentencing Commission."

After Defendant Varner pleaded guilty to possessing methamphetamine with intent to

distribute, the Court ordered the United States Probation Office to prepare a presentence

investigation report (PSR). *See* ECF No. 1, at 3; ECF No. 36, at 2. The PSR summarized Mr.

Varner's criminal history and assigned criminal history points to his prior infractions. *See* ECF

No. 43 ¶¶ 43–53. Pursuant to § 4A1.1(d) of the U.S. Sentence Guidelines in effect at the time, the

PSR assessed Defendant two additional criminal history points because he had "committed the

instant offense while under a criminal justice sentence . . . ." *Id.* ¶ 52. The PSR assessed Defendant

a total of twelve criminal history points, which placed him in criminal history category V. *See id.* ¶ 53. Based on this criminal history category, the PSR calculated a guideline range of 210 to 262 months of imprisonment. *See id.* ¶ 82. The Court adopted the PSR and its calculation of the guideline range at Defendant's sentencing hearing. *See* ECF No. 39, at 1.

After the Court sentenced Defendant, the U.S. Sentencing Commission amended § 4A1.1 of the Sentencing Guidelines. *See* U.S. Sent'g Guidelines Manual app. C, amend. 821, pt. A (U.S. Sent'g Comm'n 2025). Now, the Guidelines only assess a defendant one additional criminal history point if he committed the instant offense while serving a criminal justice sentence. *See id.* § 4A1.1(e). The Sentencing Commission made this Amendment retroactive. *See id.* § 1.1B1.10(d).

Accordingly, if Mr. Varner were sentenced today, he would be assessed only eleven criminal history points. But since this would still place him in criminal history category V, *see id.* ch. 5, pt. A, the Amendment would not affect his guideline range.

"A reduction in the defendant's term of imprisonment . . . is not authorized under 18 U.S.C. § 3582(c)(2) if . . . [the] amendment . . . does not have the effect of lowering the defendant's applicable guideline range." *Id.* § 1B1.10(a)(2)(B). Accordingly, the Court **DENIES** Defendant's Motion for Sentence Reduction Pursuant to 18 U.S.C. 3582(c)(2).

### B. Motion for Reduction Under § 3582(c)(1)(A)

Under 18 U.S.C. § 3852(c)(1)(A), a court may reduce a defendant's sentence if the court finds that "extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . ."

A defendant may only file a motion under § 3852(c)(1)(A) "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion

on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." 18 U.S.C. § 3852(c)(1)(A).

Defendant Varner attached to his Motion an "Inmate Request to Staff," dated May 2, 2026. *See* Def.'s Mot., Ex. 4. The request asks for a sentence reduction. *See id.*

The Government argues Defendant has failed to satisfy § 3852(c)(1)(A)'s exhaustion requirement because he has not shown he actually submitted his request to the Bureau of Prisons (BOP). *See* ECF No. 51, Gov't's Resp. 8. The Court agrees. The Request's "Disposition" and "Staff Signature" sections are blank, Def.'s Mot., Ex. 4, and the BOP has no record of receiving Defendant's request, *see* Gov't's Resp., Ex. 1. Since Defendant has failed to show he exhausted his administrative remedies, the Court **DENIES** his Motion for Sentence Reduction Pursuant to 18 U.S.C. 3582(c)(1)(A).

## CONCLUSION

The Court **DENIES** Defendant's Motion for Sentence Reduction Pursuant to 18 U.S.C. 3582(c)(2) and Amendment 821 and Motion for Sentence Reduction Pursuant to 18 U.S.C. 3582(c)(1)(A) **without prejudice** (ECF No. 47).

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel and the defendant, the United States Attorney's Office, the United States Probation Office, and the United States Marshal Service.

ENTER:        August 4, 2026

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE

-3-